**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Ave., 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
        lrosen@rosenlegal.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK MIKHLIN, Individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |
| v. | JURY TRIAL DEMANDED |
| OASMIA PHARMACEUTICAL AB, JULIAN ALEKSOV, MIKAEL ASP, ANDERS LUNDIN, FREDRIK GYNNERSTEDT, and ANDERS BLOM, | |
| Defendants. | |

Plaintiff Mark Mikhlin ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Oasmia Pharmaceutical AB ("Oasmia" or the "Company"),

and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a class action on behalf of persons or entities who purchased or otherwise acquired publicly traded Oasmia securities from October 23, 2015 through July 9, 2019, inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act (15 U.S.C. §78aa).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the alleged misstatements entered and subsequent damages took place in this judicial district.

5.      In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.    Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Oasmia securities during the Class Period and was economically damaged thereby.

7.    Defendant Oasmia purports to be a pharmaceutical company focused on innovative treatments within human and animal oncology. Oasmia is incorporated in Sweden and its principal executive offices are located at Vallongatan 1 SE-752 28 Uppsala, Sweden. The Company's American Depository Shares ("ADSs") have traded on the NASDAQ Capital Market ("NASDAQ") under the ticker symbol "OASM" since October 23, 2015.

8.    Defendant Julian Aleksov ("Aleksov"), the founder and former Chief Executive Officer ("CEO") of the Company, was the Company's Executive Chairman of the Board of Directors at the time the Company's ADSs began trading on NASDAQ. Defendant Aleksov also signed a Sarbanes-Oxley Act of 2002 ("SOX") certification attached to the Company's 20-F for the fiscal year ended April 30, 2016 that described him as the Company's Chief Financial Officer ("CFO"). The Company ended its relationship with Defendant Aleksov on July 9, 2019 due to suspicious transactions between companies controlled by Aleksov and Oasmia.

9.    Defendant Mikael Asp ("Asp") was the Company's CEO at the time the Company's ADSs began trading on NASDAQ and served in that role until July 1, 2019.

10.    Defendant Anders Lundin ("Lundin") was the Company's CFO at the time the Company's ADSs began trading on NASDAQ and served in that position until March 31, 2016.

11.    Defendant Fredrik Gynnerstedt ("Gynnerstedt") joined the Company as CFO on November 21, 2016 and served in that position until October 2017.

12.    Defendant Anders Blom ("Blom") served as the Company's Executive Vice

3

President at the time the Company's ADSs began trading on NASDAQ. He became the Company's CFO on October 4, 2017 and served in that position until March 26, 2019.

13.     Defendants Aleksov, Asp, Lundin, Gynnerstedt, and Blom are collectively referred to herein as the "Individual Defendants."

14.     Each of the Individual Defendants:

(a)     directly participated in the management of the Company;

(b)     was directly involved in the day-to-day operations of the Company at the highest levels;

(c)     was privy to confidential proprietary information concerning the Company and its business and operations;

(d)     was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)     was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)     approved or ratified these statements in violation of the federal securities laws.

15.     Oasmia is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

16.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Oasmia under *respondeat superior* and agency principles.

17.     Defendants Oasmia and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS
### Materially False and Misleading Statements

18.     On October 22, 2015, Oasmia filed a preliminary prospectus with the SEC as part of its registration statement for its ADS offering (the "Preliminary Prospectus") and its registration statement was declared effective by the SEC on the same day. The Preliminary Prospectus was signed by Defendants Aleksov, Asp, and Lundin.

19.     The Preliminary Prospectus included Oasmia's consolidated income statement, balance sheet data, cash flow statement, and statement of financial position from the fiscal years ended April 30, 2015 and April 30, 2014.  Additionally, the Preliminary Prospectus stated that the Company did not have any material off-balance sheet arrangements:

**Off-Balance Sheet Arrangements**

As of April 30, 2015, we have no off-balance sheet arrangements that have or are reasonably likely to have current or future material effect on our financial condition, changes in financial condition, revenues or expenses, results of operations, liquidity or capital resources.

20.     The Preliminary Prospectus made the following statement regarding related party transactions with Alceco International S.A. ("Alceco"), a company controlled by Defendant Aleksov and Aleksov's former father-in-law, Bo Cederstrand ("Cederstrand"), who was a Board member of the Company at that time:

Alceco International S. A. ("Alceco") is a holding company based in Luxembourg, which is owned and controlled by Messrs. Cederstrand and Aleksov. Alceco conducts no business and exists only for financial management. As of the end of the last fiscal year, Alceco was our largest shareholder, beneficially owning

5

approximately 35.95% of our issued and outstanding shares and equivalent voting power. Alceco has made a credit facility of SEK 40 million available to us. The credit facility is valid until December 2015, and is renewed automatically for one-year terms, unless terminated by either party at least three months prior to an expiration date. As of October 20, 2015, this credit facility is completely unutilized. The interest rate on any utilized credit amount is 5%.

Our former director Mr. Jan Lundberg is a senior advisor at Stockholm Corporate Finance AB ("SCF"), which has provided financial consulting services to Alceco. Mr. Lundberg, through his company Rekonstructa AB, has been responsible for some of the work SCF has provided Alceco. These services began in 2010, and the total amount Alceco, through SCF, has paid to Rekonstructa AB for Mr. Lundberg's work is approximately SEK 1.7 million.

21.    Regarding related party transactions with Ardenia Investment LTD ("Ardenia"), another company controlled by Aleksov and Cederstrand, the Preliminary Prospectus stated:

Ardenia Investment LTD is the owner and proprietor of the patents which form the basis for the activities of the Parent Company. By an agreement between Ardenia and Oasmia, closed in 2001, the rights to these patents have been transferred to Oasmia. Oasmia has no obligation to Ardenia.

22.    On October 27, 2015, Oasmia filed the final version of its prospectus (the "Final Prospectus"). Like the Preliminary Prospectus, the Final Prospectus reported the Company's financial data from the fiscal years ended April 30, 2015 and April 30, 2014. The Final Prospectus also included the same statements as the Preliminary Prospectus about Off-Balance Sheet Arrangements and related party transactions with Alceco and Ardenia.

23.    On August 26, 2016, Oasmia filed its annual report on Form 20-F for the fiscal year ended April 30, 2016 with the SEC (the "2016 20-F"). The 2016 20-F was signed by Defendant Asp. It also contained signed certifications pursuant to SOX by Defendants Asp and Aleksov attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud. Defendant Alexov's certification stated he was the CFO of the Company.

24.    The 2016 20-F included Oasmia's income statement, financial position data, and

6

cash flow data from Oasmia's 2013 through 2016 fiscal years. Additionally, the 2016 20-F stated

that the Company did not have any material off-balance sheet arrangements:

**E. Off-balance Sheet Arrangements.**

As of April 30, 2016, we have no off-balance sheet arrangements that have or are reasonably likely to have current or future material effect on our financial condition, changes in financial condition, revenues or expenses, results of operations, liquidity or capital resources.

25.     Regarding related party transactions with Alceco, the 2016 20-F stated:

Alceco, Oasmia's largest shareholder, see item 7 A Major Shareholders, has made a credit facility of SEK 40 million available to us. The credit facility is valid until December 2016, and is renewed automatically for one-year terms, unless terminated by either party at least three months prior to an expiration date. This credit facility was utilized to the tune of TSEK 35 during part of the financial year but at April 30, 2016 this credit facility was completely unused, as was the case at April 30, 2015. The interest rate on any utilized credit amount is 5%. During the financial year ending April 30, 2015, Oasmia paid SEK 0.51 million to Alceco as guarantee fee for their commitment as guarantor of the new share issue in December 2014.

No other transactions took place between Alceco and Oasmia.

26.     Regarding related party transactions with Ardenia, the 2016 20-F stated:

Ardenia Investment Ltd, a company controlled to equal parts by Oasmia's founders Bo Cederstrand and Julian Aleksov, is registered as the applicant and holder of the patents which forms the basis for Oasmia's business. Through an agreement between Ardenia and Oasmia, the rights to these patents have been transferred to Oasmia. Ardenia cross charges their administration costs for these patents.

Cross charged costs and Oasmia's outstanding liability as per April 30 last three fiscal years, million SEK:

|  | May 1, 2015 - April 30, 2016 | May 1, 2014 - April 30, 2015 | May 1, 2013 April 30. 2014 |
|---|---|---|---|
| Cross Charged administration costs | 2.23 | 1.40 | 4.68 |
| Liability as per April 30 | 0.00 | 0.00 | 0.00 |

27.     On August 24, 2017, Oasmia filed its annual report on Form 20-F for the fiscal year ended

April 30, 2017 with the SEC (the "2017 20-F"). It was signed by Defendant Asp. The 2017 20-F

also contained signed certifications pursuant to SOX by Defendants Asp and Gynnerstedt attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

28.    The 2017 20-F included Oasmia's income statement, financial position data, and cash flow data from Oasmia's 2013 through 2017 fiscal years. Additionally, the 2017 20-F stated that the Company did not have any material off-balance sheet arrangements:

**E. Off-balance Sheet Arrangements.**

As of April 30, 2017, we have no off-balance sheet arrangements that have or are reasonably likely to have current or future material effect on our financial condition, changes in financial condition, revenues or expenses, results of operations, liquidity or capital resources.

29.    Regarding related party transactions with Alceco, the 2017 20-F stated:

Alceco, Oasmia's largest shareholder, see item 7 A Major Shareholders, has made a credit facility of SEK 40 million available to us. The credit facility is valid until December 2017, and is renewed automatically for one-year terms, unless terminated by either party at least three months prior to an expiration date. This credit facility was completely unused at April 30, 2017, as was the case at April 30, 2016.

No other transactions took place between Alceco and Oasmia

30.    Regarding related party transactions with Ardenia, the 2017 20-F stated:

Ardenia Investment Ltd, a company controlled to equal parts by Oasmia's founders Bo Cederstrand and Julian Aleksov, is registered as the applicant and holder of the patents which forms the basis for Oasmia's business. Through an agreement between Ardenia and Oasmia, the rights to these patents have been transferred to Oasmia. Ardenia cross charges its administration costs for these patents.

Cross charged costs and Oasmia's outstanding liability as per April 30 for the last three fiscal years, million SEK:

|  | May 1, 2016 - April 30, 2017 | May 1, 2015 - April 30, 2016 | May 1, 2014 - April 30. 2015 |
|---|---|---|---|
| Cross Charged administration costs | 1.37 | 2.23 | 1.40 |
| Liability as per April 30 | 0.00 | 0.00 | 0.00 |

31.    On September 14, 2018, Oasmia filed its annual report on Form 20-F for the fiscal year ended April 30, 2018 with the SEC (the "2018 20-F"). It was signed by Defendant Asp. The 2018 20-F also contained signed certifications pursuant to SOX by Defendants Asp and Blom attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

32.    The 2018 20-F included Oasmia's income statement, financial position data, and cash flow data from Oasmia's 2015 through 2018 fiscal years. Additionally, the 2018 20-F stated that the Company did not have any material off-balance sheet arrangements:

**E. Off-balance Sheet Arrangements.**

As of April 30, 2018, we have no off-balance sheet arrangements that have or are reasonably likely to have current or future material effect on our financial condition, changes in financial condition, revenues or expenses, results of operations, liquidity or capital resources.

33.    Regarding related party transactions with Alceco, the 2018 20-F stated:

Alceco, Oasmia's second largest shareholder, see item 7 A Major Shareholders, has made a credit facility of SEK 40 million available to us. The credit facility is valid until December 2018, and is renewed automatically for one-year terms, unless terminated by either party at least three months prior to an expiration date. This credit facility was completely unused at April 30, 2018, as was the case at April 30, 2017. No other transactions took place between Alceco and Oasmia.

34.    Regarding related party transactions with Ardenia, the 2018 20-F stated:

Ardenia Investment Ltd, a company controlled to equal parts by Oasmia's founders Bo Cederstrand and Julian Aleksov, is registered as the applicant and holder of the patents which forms the basis for Oasmia's business. Through an agreement between Ardenia and Oasmia, the rights to these patents have been transferred to Oasmia. Ardenia cross charges its administration costs for these patents. During the financial year 2017/2018, Oasmia acquired new patent rights that extend the protection of XR17 for a further 8 years to 2036 for SEK 10.55 million.

Cross charged costs and Oasmia's outstanding liability as per April 30 for the last three fiscal years, million SEK:

|                                    | May 1, 2016 - April 30, 2018 | May 1, 2015 - April 30, 2017 | May 1, 2014 April 30. 2016 |
|------------------------------------|------------------------------|------------------------------|----------------------------|
| Cross Charged administration costs | 1.57                         | 1.37                         | 2.23                       |
| Acquisition of patent              | 10.55                        | -                            |                            |
| Liability as per April 30          | 0.00                         | 0.72                         | 0.00                       |

35.    The statements contained in ¶¶19-34 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company engaged in improper related-party transactions with Alceco and Ardenia, which were controlled by Defendant Aleksov and his former father-in-law; (2) due to those transactions, millions of Swedish kronor were not accounted for in the Company's books; (3) transactions concerning Oasmia's patents were also "carried out in a doubtful way;" and (4) as a result of the aforementioned misconduct, Defendants' statements about Oasmia's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis at all relevant times.

## THE TRUTH BEGINS TO EMERGE

36.    On June 28, 2019, Oasmia issued a press release that stated it was reporting suspicious transactions made between Oasmia and Alceco and Ardenia to the Swedish Economic Crime Authority and appointing a special examiner to review them:

**The Board of Oasmia has decided to report certain transactions to the Swedish Economic Crime Authority and to appoint a special examiner**

The Board of Oasmia has decided to report certain suspicious transactions that has been made by the company during several years to the Swedish Economic Crime Authority.

In connection with a tax audit in Oasmia that started during the spring of 2019 a number of remarkable transactions have come to the knowledge of the Board. In connection with this it also became known that an earlier tax audit had been carried out during 2014-2016 where the tax auditors found many transactions, being carried out during several years in millions of Swedish kronor which were not accounted for in the company's books. Moreover, transactions regarding Oasmia's patents have been carried out in a doubtful way according to independent IP-right lawyers.

These transactions have been carried out between Oasmia and the companies Alceco International S.A. and Ardenia Investments Ltd that are controlled by the former executive chairman in Oasmia, Julian Aleksov and his former father-in-law, the former Board member Bo Cederstrand.

"Our analysis of the initial findings of the ongoing tax audit, and also facts recently disclosed to us from the previous tax audit, gives us no other choice than to hand over these findings to relevant police authorities for further investigations", says Jörgen Olsson, Chairman of the Board of Oasmia.

Moreover, the Board has decided to appoint a special examiner in order to give all shareholders a thorough decision basis regarding discharge from liability for the Annual General Meeting that will take place on September 26, 2019.

37.      On this news, shares of Oasmia fell $0.319 per share, or almost 24%, to close at

$1.021 per share on June 28, 2019, damaging investors.

38.      On July 9, 2019, after the close of the market, Oasmia issued a press release that

stated it had ended its relationship with former executive chairmen Julian Aleksov because of the

transactions mentioned in the Company's June 28, 2019 press release:

Oasmia discontinues cooperation with former executive chairman

Oasmia has today ended the engagement and cooperation with the former executive chairman Julian Aleksov without any further remuneration. This is done in the light of the transactions mentioned in the company's press release on June 28 and the company has today also filed a report to the Swedish Economic Crime Authority in this matter.

A special examiner has also now been appointed, Svante Forsberg, former chairman of Deloitte Sweden and of FAR (Swedish association of Auditors). His assignment is aiming to give all shareholders relevant ground to judge whether the former management and board can be discharged from liability.

39.     On this news, shares of Oasmia fell $0.34, or over 13%, to close at $2.26 per share on July 10, 2019, further damaging investors.

40.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than Defendants who acquired Oasmia securities publicly traded on the NASDAQ during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of Oasmia, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Officer or Director Defendants have or had a controlling interest.

42.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Oasmia securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

43.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

44.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has

no interests antagonistic to or in conflict with those of the Class.

45.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the Exchange Act were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition and business of Oasmia;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Defendants caused Oasmia to issue false and misleading SEC filings during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and SEC filing

- whether the prices of Oasmia's securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

46.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class

action.

47.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Oasmia shares met the requirements for listing, and were listed and actively traded on the NASDAQ, a highly efficient and automated market;

- As a public issuer, Oasmia filed periodic public reports with the SEC;

- Oasmia regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

- Oasmia was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

48.    Based on the foregoing, the market for Oasmia securities promptly digested current information regarding Oasmia from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

49.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

## COUNT I

### For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder
### Against All Defendants

50.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

51.    This Count is asserted against Defendants is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

52.    During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

53.    Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Oasmia securities during the Class Period.

54.    Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of Oasmia were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of

such statements or documents as primary violations of the securities laws. These Defendants by virtue of their receipt of information reflecting the true facts of Oasmia, their control over, and/or receipt and/or modification of Oasmia's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning Oasmia, participated in the fraudulent scheme alleged herein.

55.    Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Oasmia personnel to members of the investing public, including Plaintiff and the Class.

56.    As a result of the foregoing, the market price of Oasmia securities was artificially inflated during the Class Period. In ignorance of the falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Oasmia securities during the Class Period in purchasing Oasmia securities at prices that were artificially inflated as a result of Defendants' false and misleading statements.

57.    Had Plaintiff and the other members of the Class been aware that the market price of Oasmia securities had been artificially and falsely inflated by Defendants' misleading statements and by the material adverse information which Defendants did not disclose, they would not have purchased Oasmia securities at the artificially inflated prices that they did, or at all.

58.    As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

59.    By reason of the foregoing, Defendants have violated Section 10(b) of the 1934

Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of Oasmia securities during the Class Period.

### COUNT II
### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

60.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

61.     During the Class Period, the Individual Defendants participated in the operation and management of Oasmia, and conducted and participated, directly and indirectly, in the conduct of Oasmia's business affairs. Because of their senior positions, they knew the adverse non-public information about Oasmia's misstatement of revenue and profit and false financial statements.

62.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Oasmia's financial condition and results of operations, and to correct promptly any public statements issued by Oasmia which had become materially false or misleading.

63.      Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Oasmia's disseminated in the marketplace during the Class Period concerning Oasmia's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Oasmia to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Oasmia within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the

unlawful conduct alleged which artificially inflated the market price of Oasmia securities.

64.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Oasmia.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, on behalf of himself and the Class, prays for judgment and relief as follows:

(a)    declaring this action to be a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

(b)    awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

(c)    awarding plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)    awarding plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: July 29, 2019                    Respectfully submitted,

                                       **THE ROSEN LAW FIRM, P.A.**

                                       By: /s/Phillip Kim
                                       Phillip Kim, Esq. (PK 9384)
                                       Laurence M. Rosen, Esq. (LR 5733)
                                       275 Madison Avenue, 34th Floor
                                       New York, NY 10016
                                       Telephone: (212) 686-1060
                                       Fax: (212) 202-3827
                                       Email: pkim@rosenlegal.com

lrosen@rosenlegal.com

*Counsel for Plaintiff*